**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND–ODESSA DIVISION**

| | |
|---|---|
| RODRIGO ADAME,<br><br>Plaintiff,<br><br>vs.<br><br>TUNGSTEN CONSTRUCTION LLC,<br><br>Defendant. | Case No.: 7:26-cv-00193<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Rodrigo Adame (hereinafter the "Plaintiff"), by and through his attorneys, Sage Legal LLC hereby complains of the Defendant Tungsten Construction LLC (hereinafter the "Defendant"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this case alleging that Defendant had violated the Americans with Disabilities Act's ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the Texas Commission on Human Rights Act ("TCHRA") (Tex. Lab. Code §§ 21.001–21.556), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against him following his request for a reasonable accommodation.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA.

3. This Court has supplemental jurisdiction over related state claims of the TCHRA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Western District of the Texas.

**PROCEDURAL REQUIREMENTS**

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC on February 13, 2026, with respect to the herein charges of discrimination and retaliation.

7. A copy of the Notice is annexed hereto as **Exhibit "A."**

8. This case is timely being commenced within ninety (90) days of receipt of the Notice.

9. Plaintiff therefore exhausted his administrative remedies as is required by the ADA.

**PARTIES**

10. At all relevant times, Plaintiff was a citizen of the State of Texas residing in Midland County.

11. Upon Information and belief, Defendant is a corporation duly existing pursuant to, and by virtue of, laws of Texas, which is authorized to do business in this district.

12. Upon information and belief, Defendant employ more than fifteen (15) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein. See 42 U.S.C. § 12111(5)(A) and Tex. Lab. Code § 21.002(8)(A).

13. At all relevant times, Plaintiff was an employee of Defendant, located at 2347 N. Barrell Ct, Odessa, TX 79763.

## STATEMENT OF FACTS

14. Plaintiff commenced employment with Defendant in or about March 21, 2023, as a welder, which includes operating welding compression stations and fabricating metals.

15. Plaintiff performed his work in an exemplary manner without any complaints from management related to his job performance.

16. In fact, Plaintiff was praised due to his performance on various occasions.

17. In late July 2024, Plaintiff experienced a debilitating stroke and since that date, he became unable to, among other things, lift heavy items.

18. Plaintiff's doctor recommended that he return to work on light duty.

19. However, despite the recommendation, the Defendant required Plaintiff to regularly lift heavy objects.

20. Although lifting is a function of Plaintiff's position, he is still able to perform the essential functions of his job with or without a reasonable accommodation.

21. On or after July 2024, Plaintiff spoke to the Defendant and provided them medical documentation concerning his limitations due to his stroke.

22. Plaintiff knew that it was possible for the Defendant to accommodate his request because he works with others who could have helped him when it was necessary to lift something heavy and the Defendant could have provided him breaks.

23. Alternatively, Plaintiff could have been provided unpaid leave.

24. After several days, the Defendant had yet to provide Plaintiff with any response related to his request.

25. Rather than expressing concern for its employee of over a year, the Defendant coldly ignored the Plaintiff.

26. When Plaintiff followed up with the Defendant, the Dendant summarily fired him in violation of the law.

27. This abrupt dismissal, coming immediately after Plaintiff's follow up for his request for accommodation, leaves no question that the Defendant retaliated against him for exercising his legal right to reasonable accommodations under the ADA.

28. Plaintiff was and is disabled and has a serious health condition within the meaning of the ADA and/or Defendant perceived Plaintiff to be disabled.

29. Plaintiff is a qualified individual by virtue of his prior experience acting as a welder who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

30. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to, lifting heavy equipment.

31. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for seeking to permit him to seek reasonable accommodation as is his right under the law.

32. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

33. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

34. Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

35. As such, Plaintiff demands punitive damages as against Defendant.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

36. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

37. Section 12112 of the ADA, titled "Discrimination," provides:

> a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. (*Emphasis added)*

38. Similarly, under the ADA, employers are required to reinstate employees returning from medically authorized leave and engage in the interactive process to provide reasonable accommodations. See 42 U.S.C. § 12112(b)(5)(A).

39. Defendant violated this section as set forth herein.

**AS A SECOND CAUSE OF ACTION FOR RETALIATION**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

40. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

41. The ADA prohibits retaliation, interference, coercion, or intimidation. Section 12203 of the ADA provides:

> (a) **Retaliation.** No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
>
> (b) **Interference, coercion, or intimidation.** It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

42. Defendant violated this section as set forth herein.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

43. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

44. At all times relevant to this action, Defendant was an "employer" within the meaning of the Texas Commission on Human Rights Act, codified at Tex. Lab. Code § 21.001 *et seq*.

45. Plaintiff is a member of a protected class under the Texas Commission on Human Rights Act, specifically on the basis of disability, which is a characteristic protected by the statute.

46. The Texas Commission on Human Rights Act prohibits employers from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's protected status.

47. Plaintiff was qualified for the position held and performed the essential functions of the job in a satisfactory and competent manner.

48. Throughout Plaintiff's employment, Plaintiff met or exceeded Defendant's legitimate expectations for job performance.

49. Despite Plaintiff's qualifications and satisfactory job performance, Defendant subjected Plaintiff to adverse employment actions after the Plaintiff requested for a reasonable accommodation.

50. The conduct of Defendant was intentional, willful, malicious, and undertaken with reckless disregard for Plaintiff's statutory rights.

51. Defendant's discriminatory conduct directly and proximately caused Plaintiff to suffer substantial losses and damages.

52. As a result, Plaintiff has suffered damages in an amount to be proven at trial.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION**
**UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

53. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. By engaging in protected activity, particularly, requesting reasonable accommodations in view of an actual disability, Plaintiff placed Defendant on notice of its obligations.

55. Defendant engaged in an unlawful retaliatory practice by insisting Plaintiff to perform his duties including the lifting of heavy equipment despite his physical condition and ultimately terminating Plaintiff's employment after and as a result of his disability and complaints of Defendant's unlawful employment practices.

56. Defendant retaliated by subjecting Plaintiff to adverse employment action, as manifested by the termination of his employment, in direct response to Plaintiff's protected activity.

57. The retaliatory motive was a substantial factor in Defendant's decision-making and adverse actions.

58. As a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**JURY DEMAND AND PRAYER FOR RELIEF**

59. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the ADA and TCHRA, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting for reasonable accommodation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the actions;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Flushing, New York
May 14, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: *<u>/s/ Emanuel Kataev, Esq.</u>*
*Pro Hac Vice Motion Forthcoming*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Rodrigo Adame*