**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND–ODESSA DIVISION**

| | | |
|---|---|---|
| **RODRIGO ADAME.** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:26-CV-00193** |
| | § | |
| **TUNGSTEN CONSTRUCTION LLC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| ***Defendants.*** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS WITH BRIEF IN SUPPORT**

Defendant Tungsten Construction, LLC ("Tungsten") files its Motion to Dismiss Plaintiff Rodrigo Adame's ("Adame") Original Complaint ("Complaint") with Brief in Support for lack of subject matter jurisdiction under Fed. R. Civ. 12 (6)(1) and, the "failure to state a claim upon which relief can be granted" under and Fed. R. Civ. P. 12(b)(6). This case involves a disability discrimination claim filed under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code. For the reasons stated below, this Complaint should be dismissed.

## I. INTRODUCTION

1. Plaintiff's Complaint was filed in the name of an individual who had already died before the action was commenced on May 14, 2026, and served on Defendant on June 30, 2026. Adame died on January 22, 2026. (See Exhibit A, page 1 Obituary), several weeks prior to the date on which the U.S. Equal Employment Opportunity Commission ("EEOC") issued its Determination and Notice of Rights dated February 13, 2026. (See Exhibit "A" to Plaintiff's Complaint). Because Adame, as the named plaintiff in this lawsuit, lacked the legal capacity or standing to bring suit, and neither Fed. R. Civ P. 17(a) nor Fed. R. Civ. P. 25 can correct that

defect, the Complaint should be dismissed. In addition, the 90-day limitations period to file his discrimination lawsuit in federal court has expired and cannot be cured.

2. While still alive, Adame, with the help of his attorney, Emanual Kataev, filed an EEOC Charge of Discrimination ("Charge") alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended ("ADA") and Chapter 21 of the Texas Labor Code, which provides similar rights to claimants ("Chapter 21"). Tungsten filed Respondent's Position Statement in response to the Charge, and on February 13, 2026, the EEOC sent its Determination and Notice of Rights to the parties to this case ("Notice of Rights"). Adame then had 90 days to file suit in federal court. (Exhibit "A," Plaintiff's Complaint).

3. Mr. Kataev filed a lawsuit on behalf of Adame on May 13, 2026, the last day of the 90-day period to file suit in federal court. Defendant, Tungsten Construction was served with this lawsuit on June 30, 2026. On or about July 1, 2026, the undersigned defense counsel for Tungsten, Robin Foret, contacted Mr. Kataev to state that Tungsten had discovered that Adame died on January 22, 2026. It was unclear whether Mr. Kataev was aware of Adame's death prior to filing this lawsuit. We have not heard back from Mr. Kataev as to how he plans to proceed in this case.

4. At the time this lawsuit was filed, Adame had been deceased for months. This Motion to Dismiss the Complaint is filed under Fed. R. Civ. P. 12(b)(1) because Adame, as a deceased individual, had no capacity nor standing to maintain this legal action. Moreover, the 90-day limitations period to file a lawsuit in federal court, as stated in the Notice of Rights, has expired and cannot be extended. Thus, the case should also be dismissed under Fed. R. Civ. P. 12(b)(6). Neither Fed. R. Civ. P. 25 nor Fed. R. Civ. P. 17(a) cure the pleading defects presented. This case should also be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and/or failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT AND AUTHORITIES

### A. The Court Lacks Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1).

5. When a party raises the lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court may weigh the evidence to resolve factual disputes and make sure it has the power to hear the case. *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). Upon motion, the court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Bastnagel v. State Fard Lloyds*, No. 4:25-CV-3541, 2026 WL 1024874, at *1 (S.D. Tex. March 20, 2026) [Houston Division] report and recommendation adopted, No. 4:25CV3541, 2026 WL 1024196 (S.D. Tex. Apr. 15, 2026) (citing *Hopkin v. Wayside Schools*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir Aug. 9, 2024)). When a defendant files a Rule 12(b)(1) challenge to subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Id*. at *1 (citing *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014)).

6. The Fifth Circuit has confirmed what should be obvious; a deceased plaintiff has no standing nor capacity to file suit because jurisdiction is assessed on the date a lawsuit is filed. *Id*. at *2; *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019) (citing *Armes v. Thompson*, 222 S.W.3d 79 (Tex. App. – Easland 2006, no pet.)). An original pleading filed after the death of the named plaintiff is a nullity; it may not be treated as filed by the decedent's estate. *Id*. The basic rule is that an action must be filed by the real party in interest. Fed. R. Civ. P. 17(a)(1). In *Hernandez,* the Fifth Circuit concluded that an original complaint filed in the name of the deceased and then amended to include the name of the decedent's Estate, did not relate back to the first filing date to avoid the statute of limitations that prohibited the claim. *Id*. at 264. Similarly, an

amendment on behalf of the Estate of Adame, if otherwise legally permitted, would not cure the expiration of the 90-day EEOC period to file suit in federal court.

**Neither Fed. R. Civ. P. 17(a)(3) nor Fed. R. Civ. P. 25(a) Cure the Pleading Defect.**

7. Rule 17(a)(3) states the procedure for joining or substituting the real party in interest under certain circumstances. Rule 25 allows substitution of a party in interest for a deceased person who died after a lawsuit has commenced. Neither of those Rules cure the defects presented in this case. Rule 17(a) allows for joinder of the Real Party in Interest in some instances. Fed. R. Civ. P. 17(a)(3). Rule 25 allows substitution of a party when a plaintiff dies after a lawsuit is filed if the claim has not been extinguished. Fed. R. Civ. P. 25(a)(1). Rule 25 is unavailable to cure the jurisdictional defect presented when the plaintiff was already deceased when the lawsuit was filed because "a party must have a legal existence in order to bring suit, and the dead lack such legal existence." *Bastnagel* 2026 WL 1024874, at *2; *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003) (deceased person is not a legal entity and has no capacity to sue).

8. Because Rule 25 of Federal Rule of Civil Procedure is a procedural tool for "parties" to a litigation, it assumes that all necessary parties have been served and allows for substitution of parties, when necessary, due to death, incompetency, or other reasons allowed under the rules. Fed. R. Civ. P. 25. The Fifth Circuit held that Fed. R. Civ. P. 25 is to be used by parties, explaining that the rule does not permit substitutions when the individual dies before an action has commenced. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969). The court noted that Rule 25 contemplates substitution only when a party dies after becoming a party to a lawsuit. *Id.*

9. Federal Rules of Civil Procedure 25 is inapplicable where an attorney files a complaint on behalf of an already deceased person. Because Rule 25 is a procedural tool for parties

to an already commenced proceeding, the Rule 25 90-day deadline that commences after service of a statement noting a death is also inapplicable. Fed. R. Civ. P. 25.

10. Similarly, Rule 17(a)(3) cannot be used to cure the deficiency presented when a lawsuit is filed on behalf of someone deceased because there was no proper party in the case to begin with. *Bastnagel* 2026 WL 1024874, at *2. Federal Rule of Civil Procedure 17(a)(1) establishes that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Consistent with Rule 17's real-party-in-interest requirement, a complaint filed in the name of a person who was already deceased was not prosecuted in the name of a proper party. See *Bastnagel,* 2026 WL 1024874, at *1 (holding that Rule 17 did not permit the case to proceed because the predeceased plaintiff was never a party). In the case at bar, Adame died before this action was filed. Thus, the Complaint was not prosecuted in the name of the real party in interest as required by Rule 17(a)(1), and dismissal is warranted.

11. Accordingly, neither Rule 17 nor Fed. R. Civ. P. 25 are available if the named plaintiff in a case predeceased the filing of the lawsuit. *Bastnagel*, 2026 WL 1024874, at *2; *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)). In this instance, Adame had been deceased for several months when this lawsuit was filed, rendering it a "nullity." Moreover, as explained more fully below, the 90-day limitations period for Adame to have filed suit in federal court has expired, which means that it cannot be re-filed by another party in interest after dismissal. See *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969-970 (5th Cir. 2023) (90-day period to file suit in a "right-to-sue" notice from the EEOC begins to run upon receipt of the first notice by counsel for the claimant).

**B. This Case Should be Dismissed under Fed. R . Civ. P. 12(b)(6).**

12. In this case, the Notice of Rights letter dated February 13, 2026, was sent to Adame directly with a copy to counsel for Adame, Mr. Kataev. (See Exhibit "A" to Complaint). The 90-

day limitations period has expired to re-file this lawsuit in the name of a party with standing or capacity, who has yet to be identified. Equitable tolling is not available in this case to toll the 90-day limitation to file suit in federal court, and this lawsuit should be dismissed with prejudice.

13. Federal Rule of Civil Procedure 12(b)(6) allows defendants to move for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim asserted in a complaint must assert enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

14. In our case, because the claimant's death predates the filing, and the complaint would need to be amended to reflect the right party, a representative or an estate, the complaint was improperly filed. Further, a motion to substitute under Fed. R. Civ. P. 25 would be improper, as the claimant predeceased the filing, and was never a party. Therefore, filing a lawsuit in the name of a person already deceased cannot preserve Plaintiff's 90-day deadline set by the EEOC.

**Equitable Tolling is Unavailable to Cure the Defect.**

15. Because Rule 25 is unavailable when a plaintiff dies before the action begins, the question becomes whether the defective complaint can be cured after the EEOC's 90-day right-to-sue period has expired. The answer in this case is no. While a defective complaint may be curable after a procedural deadline under the doctrine of equitable tolling, the doctrine is applied sparingly. *Bernstein,* 63 F.4th at 970. To establish equitable tolling, a plaintiff "must not only show that the doctrine is applicable to his circumstances, but also that he "'has vigorously pursued his action.'" *Id*. at 970; *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling does not apply to garden variety excusable neglect). In *Bernstein*, the court noted a potential issue was presented as to whether the 90-day limitations

period should be tolled because the EEOC sent a second letter that may have misled the parties as to when the 90-day limitation period started to run. 63 F.4th at 970-971. In this case, the Notice of Rights was sent to Adame and to his counsel. Thus, there was no confusion when the 90-day limitations period began to run on Adame's claims and equitable tolling should not apply.

16. Moreover, in *Irwin*, The United States Supreme Court did not excuse the plaintiff under the doctrine's principles, reasoning that it is appropriate only when a claimant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 96. However, a plaintiff's counsel's oversight or excusable neglect was insufficient. *Id*. Neither Adame's estate nor his counsel took active steps to preserve his disability discrimination claim prior to the 90-day statute of limitations period. Equitable tolling is inapplicable to toll that expired limitations period.

17. Although Fed. R. Civ. P. 15 generally permits liberal amendment of pleadings, this defect cannot be corrected through amendment because the plaintiff did not exist as a legal party when the complaint was filed. The tolling the 90-day deadline to file suit in federal court is unavailable under the facts of this case. See *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) (denying to toll limitations period where subjective impression were insufficient to show party misled.). A party invoking equitable tolling bears the burden of proof as it is an exceptional remedy to be used sparingly. *Teemac v. Henerson*, 298 F.3d 452, 457 (5th Cir. 2002). In this case, there is no evidence or facts to support tolling of the EEOC limitations period to extend the deadline on which a representative of Adame could substitute as a party to this case.

18. Adame and his counsel received the Notice of Rights letter on February 13, 2026, several weeks after Adame died on January 22, 2026. Mr. Kataev filed the complaint on May 14,

2026, on the last day of the 90-day EEOC limitation period to file his disability discrimination case in federal court, and several months after Adame's death. The lawsuit was not served on Defendant Tungsten until June 30, 2026, more than a month after it was filed. Thus, there was no diligent effort to prosecute Adame's claims or preserve them through a representative party.

19. Based on the facts provided, nothing indicates that diligent efforts were made to pursue Adame's discrimination claim and there are no other facts to support equitable tolling of the 90-day deadline. Accordingly, the circumstances in *Irwin*, *Bernstein*, and *Ramirez* are not present, and equitable tolling is likely inapplicable. Because neither Rule 17, Rule 25, nor the doctrine of equitable tolling cures this defect, a motion to dismissal is warranted.

**C. Plaintiff's Claims Should Be Dismissed with Prejudice.**

20. A dismissal of a complaint with prejudice is appropriate in cases such as this one, where there is an incurable defective pleading. The Fifth Circuit has held that when an amendment would be futile, dismissal with prejudice is appropriate. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 345-46 (5th Cir. 2021). Here, amendment would be futile, as Plaintiff's 90-day EEOC deadline has passed. Counsel for Adame filed a defective complaint in the name of a deceased individual who had neither the capacity nor standing to bring an action at the 90-day mark; thus, an amendment would not cure the defect.

## III. PRAYER

WHEREFORE, for the reasons set forth above, Defendant Tungsten Construction, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and any additional relief at law or equity to which Defendant is justly entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: *_/s/ Laura E. De Santos_*
Laura E. De Santos
TBN: 00793612
ldesantos@grsm.com
Robin Foret
TBN: 07256580
rforet@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint was electronically filed with the foregoing with the Clerk of Court using the CM/ECF system.

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
emanuel@sagelegal.nyc

and

Nayeem N. Mohammed, Esq.
539 W. Commerce St. #1899
Dallas, Texas 75208
(972) 767-9099 (office)
nayeem@nnmpc.com

**COUNSEL FOR PLAINTIFF**

*_/s Robin Foret_*
Robin Foret