**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

**RODRIGO ADAME,**

*Plaintiff,*

**v.**

**TUNGSTEN CONSTRUCTION LLC,**

*Defendant.*

Case No. MO:26-CV-00193-DC-RCG

Jury Trial Demanded

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff respectfully submits this Response in Opposition to Defendant Tungsten Construction LLC's Motion to Dismiss (ECF Docket Entry ("ECF") 7). The Motion should be denied. It treats a correctable real-party-in-interest problem as an automatic jurisdictional "nullity," mislabels capacity as Article III standing, and asks for dismissal with prejudice without giving effect to Rule 17(a)(3) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), published Fifth Circuit authority requiring consideration of substitution or ratification before forfeiture, or the nonjurisdictional character of the United States' Equal Employment Opportunity Commission's ("EEOC") ninety (90) day filing period. At a minimum, the Court should allow a reasonable period for the proper representative of Plaintiff Rodrigo Adame's estate to ratify, join, or substitute into this action and to file an amended complaint.

## I. BACKGROUND

The Motion supplies the facts relevant to this threshold dispute. Adame filed an EEOC charge during his lifetime alleging disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), as amended, & Chapter 21 of the Texas Labor Code. ECF 7 ¶ 2.

Defendant answered that charge with a position statement. Id. Defendant's caption assertion that this is a Title VII case is simply wrong. The charge, the right-to-sue notice, and the Complaint arise under the ADA and Texas state law. Adame died on January 22, 2026, while the EEOC proceeding was still pending. Id. ¶¶ 1–2; ECF 7-1.[1] The EEOC issued its Determination and Notice of Rights on February 13, 2026, after his death, and sent the notice to Adame and to counsel. ECF 7 ¶¶ 1–2, 18. Defendant affirmatively alleges that the Complaint was filed on the last day of the ninety (90) day period stated in that notice. Id. ¶ 3. The discrimination claims were therefore asserted administratively while Adame was alive, and this action was commenced within the filing period Defendant itself calculates.

The Complaint was filed May 14, 2026. ECF 1. A summons was issued the same day. ECF 5. Service was accomplished, and the return was filed July 15, 2026. ECF 6. Defendant states that, after service, defense counsel contacted Plaintiff's counsel on or about July 1, 2026, to say Defendant had learned of Adame's death. ECF 7 ¶ 3. The Motion itself states that it was "unclear" whether Plaintiff's counsel knew of the death before filing. Id. The Motion therefore does not establish that the naming of Adame was deliberate, tactical, or a placeholder filing.

Defendant filed the present Motion on July 21, 2026. ECF 7. It asks the Court to hold that the original filing was an incurable nullity, that neither Rule 17 nor Rule 25 can permit correction, that the 90-day period has expired and cannot be tolled, and that the Complaint must be dismissed with prejudice. Id. ¶¶ 4, 7–20.

On September 11, 2026, the Court set the Motion for hearing on September 28, 2026. ECF 9.

[1] Plaintiff's undersigned counsel only recently learned of Adame's death after the filing of the complaint. Although the fact that he is deceased is not disputed, Plaintiff would be remiss in not addressing the failure of Defendant to properly authenticate the obituary, nor providing a certified translation of its contents in compliance with the Federal Rules of Evidence. See Fed. R. Evid. 901 and 902(3).

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges subject-matter jurisdiction. A court may consider matters outside the pleadings when resolving a factual jurisdictional attack, but the threshold question is whether the asserted defect is jurisdictional at all. See Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005); see also Norris v. Causey, 869 F.3d 360, 366–67 (5th Cir. 2017). The Fifth Circuit has cautioned that "standing," capacity, and real-party-in-interest concepts are often improperly conflated. A real-party-in-interest defect ordinarily presents a nonjurisdictional question concerning who is entitled to enforce a right. See Norris, 869 F.3d at 366–67.

Under Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true and asks whether the complaint states a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). Where the asserted defect may be cured by amendment or substitution, dismissal with prejudice is disfavored. See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

## III. ARGUMENT

### A. Defendant conflates Article III standing with capacity and the real-party-in-interest requirement.

A deceased individual cannot personally litigate. Rule 25(a) is not the mechanism for substituting a person who died before suit was filed. Those two points are correct and narrow. The Motion goes further. It treats every consequence of Adame's death as a subject-matter-jurisdiction defect that can never be corrected. Published Fifth Circuit authority requires a more careful analysis.

In Norris v. Causey, the Fifth Circuit explained that there is a "key jurisdictional distinction" between Article III standing and a real-party-in-interest objection. See 869 F.3d at 366.

The latter asks "who, according to the governing substantive law, is entitled to enforce the right" and does not ordinarily go to the court's subject-matter jurisdiction. Id. Rule 17(a)(3) itself reflects that the problem is nonjurisdictional: it prohibits dismissal for failure to prosecute in the name of the real party in interest until a reasonable opportunity has been given for ratification, joinder, or substitution. Id. at 367.

The Fifth Circuit reiterated the distinction in Abraugh v. Altimus, 26 F.4th 298, 304-05 (5th Cir. 2022). An alleged defect concerning which person was legally entitled to pursue estate-related claims was a real-party-in-interest or prudential question, not a defect in subject-matter jurisdiction. Id. at 304. The court remanded timeliness and relation-back issues under Rules 15 and 17 for consideration in the first instance. Id. at 305–06.

Those decisions foreclose Defendant's suggestion that labeling this issue "standing" ends the analysis. The Court has federal-question jurisdiction over claims arising under the ADA. 28 U.S.C. § 1331; 42 U.S.C. § 12117(a). The remaining question is whether the proper successor may prosecute claims Adame asserted during his lifetime and timely brought to court after the EEOC issued its right-to-sue notice. That question implicates Rule 17. It is not solved by calling the Complaint a nullity.

ADA employment claims survive the claimant's death. They are not purely personal in the sense that they evaporate when the employee dies. See Slade for Estate of Slade v. U.S. Postal Serv., 952 F.2d 357 (10th Cir. 1991) (Title VII claim survives); see also Hutchinson v. Spink, 126 F.3d 895, 898–99 (7th Cir. 1997); Tex. Civ. Prac. & Rem. Code § 71.021 (survival of personal-injury actions).

Defendant does not argue otherwise. Its argument is only that the wrong name appeared on the caption. That is a Rule 17 problem which is capable of being corrected.

**B. Rule 17(a)(3) requires a reasonable opportunity to cure before forfeiture.**

Rule 17(a)(3) provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed" for ratification, joinder, or substitution. After that occurs, "the action proceeds as if it had been originally commenced by the real party in interest." See Fed. R. Civ. P. 17(a)(3).

The Fifth Circuit applied that anti-forfeiture principle in Wieburg v. GTE Southwest Inc., 272 F.3d 302 (5th Cir. 2001), itself an employment-discrimination case. The plaintiff had filed claims that belonged to a bankruptcy estate. Id. at 306-08. Because limitations had expired, dismissal would have forfeited the claims. The Fifth Circuit held it was an abuse of discretion to dismiss without explaining why the less drastic alternatives of ratification, joinder, or substitution were inappropriate. Id. at 308-09. The court later confirmed that a "good-faith, nonfrivolous mistake" in identifying the real party compels those alternatives. See Rideau v. Keller Indep. Sch. Dist., 819 F.3d 155, 165–66 (5th Cir. 2016).

The same concern is present here. Defendant does not contend that the discrimination allegations were invented after Adame's death. It acknowledges that Adame personally pursued the EEOC charge while alive and that Defendant responded to that charge. ECF 7 ¶ 2. The EEOC issued the Notice of Rights only after he died, and counsel filed suit within the resulting ninety (90) day period as calculated by Defendant. Id. ¶¶ 1–3. This is not a fictitious "John Doe" action filed in the hope of later locating a claimant. The claim, and Defendant's notice of it, predated Adame's death.

The "nullity" label is not the only reading of Rule 17, and it is not the reading that gives the Rule its stated purpose. In Esposito v. United States, 368 F.3d 1271, 1275–78 (10th Cir. 2004), counsel filed suit in the name of a person who had died before filing.

The Tenth Circuit rejected the argument that the suit was an incurable nullity and held that Rule 17 permitted substitution of the proper representative. Id. In doing so, Esposito distinguished Mizukami v. Buras – the Fifth Circuit case on which Defendant relies – because Mizukami concerned Rule 25 substitution for a defendant who died before suit, not Rule 17 substitution of the real party in interest on the plaintiff's side. See 368 F.3d at 1277; see also Mizukami, 419 F.2d 1319, 1320 (5th Cir. 1969).

A district court in this Circuit has likewise permitted correction where the original named plaintiff had died before filing. See Gremillion v. State Farm Fire & Cas. Co., No. 1:22-CV-06077, 2023 WL 5978215, at *1-2 (W.D. La. Aug. 28, 2023), report and recommendation adopted, 2023 WL 5969639 (W.D. La. Sept. 13, 2023). While Gremillion is not identical to the facts here, it does illustrate that a pre-filing death does not invariably require the categorical result Defendant seeks.

At minimum, Rule 17(a)(3) calls for a reasonable opportunity to identify, appoint if necessary, and bring before the Court the person legally authorized to prosecute Adame's surviving claims. The Court can then evaluate the proper party, Texas survival and estate law, and any proposed amendment on an actual record, rather than extinguishing the case at the threshold.

**C. The unpublished Hernandez decision does not require dismissal with prejudice on this record.**

Defendant relies principally on Hernandez v. Smith, 793 F. App'x 261 (5th Cir. 2019). While Hernandez warrants consideration, it does not compel the requested result. Critically, the Fifth Circuit designated the decision unpublished and nonprecedential except under Fifth Circuit Rule 47.5.4. See 793 F. App'x at 262 n.*. Its posture and record were materially different. In Hernandez, counsel filed a § 1983 complaint naming a person who had died approximately seven months earlier, did not add the estate representative until roughly twenty-one (21) months after the original complaint, and did so almost eight (8) months after limitations had expired. Id. at 263-64.

By the time the Fifth Circuit addressed Rule 17, the case had proceeded through dismissal practice and summary judgment, and the Rule 17 argument consisted of about one-and-a-half sentences and was "likely forfeited." Id. at 266-67.

Here, Adame himself initiated the administrative charge while alive. The EEOC issued the Notice of Right to Sue after his death. The federal Complaint was filed within the 90-day period asserted by Defendant. The real-party issue has arisen at the outset of the federal case. Defendant's own Motion admits it was "unclear" whether counsel knew of Adame's death before filing. ECF 7 ¶ 3. There is no developed record that counsel knowingly filed in the name of a deceased client as a strategic placeholder.

Hernandez also predates the published decision in Abraugh, which reinforced the distinction between Article III standing and the nonjurisdictional real-party inquiry and remanded Rule 15 and Rule 17 questions for district-court consideration. See 26 F.4th at 304-06. Hernandez should be read on its facts; it does not eliminate the district court's obligation under Wieburg and Rule 17(a)(3) to consider whether substitution or ratification can prevent an unjust forfeiture. A review of Bastnagel v. State Farm Lloyds, a recent Southern District of Texas decision that Defendant repeatedly cites, does not change that analysis. See No. 4:25-CV-3541, 2026 WL 1024874 (S.D. Tex. Mar. 20, 2026), report and recommendation adopted, 2026 WL 1024196 (S.D. Tex. Apr. 15, 2026). It is an unpublished district-court decision in an insurance dispute. It is not binding. And even Bastnagel entered dismissal without prejudice. Defendant's request for prejudice is more aggressive than the authority it cites.

**D. The 90-day EEOC period does not independently justify dismissal with prejudice.**

Defendant's limitations argument starts from a concession: the original Complaint was filed within the ninety (90) day period calculated from the EEOC notice. ECF 7 ¶ 3.

If Rule 17(a)(3) permits the proper representative to ratify, join, or substitute, the Rule itself provides that the action proceeds as though it had been commenced in the name of the real party in interest. The Court need not invoke equitable tolling merely to give effect to a proper Rule 17 substitution.

Defendant also overstates the law by treating the ninety (90) day period as an inflexible jurisdictional bar; it is not. Title VII and ADA administrative prerequisites are claim-processing rules, not prescriptions of subject-matter jurisdiction. See Fort Bend Cnty. v. Davis, 587 U.S. 541, 548-51 (2019); see also Bernstein v. Maximus Fed. Servs., Inc., 63 F.4th 967, 970-72 (5th Cir. 2023); Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010).

Bernstein further cautions that resolving equitable tolling solely on a motion to dismiss may be premature, because facts bearing on tolling and diligence do not necessarily appear on the face of the complaint. See 63 F.4th at 971.

That caution applies here. The Notice of Right to Sue was issued only after Adame had died. ECF 7 ¶¶ 1-2, 18. In other words, he was unable to file suit sooner. The Motion does not establish when any estate representative learned of the notice, whether or when a representative was appointed, when counsel learned of Adame's death, or what steps followed that knowledge. Defendant itself says counsel's knowledge at filing was "unclear." Id. ¶ 3.

Those unresolved facts preclude a categorical holding, at the pleading stage, that no equitable doctrine could apply under any circumstances.

Defendant cites Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990), for the proposition that ordinary attorney neglect does not warrant tolling. The present record does not establish ordinary neglect, much less deliberate inaction.

And Irwin does not override Rule 17(a)(3), which separately addresses a real-party mistake and gives a successful substitution the effect of an action originally commenced by the proper party.

**E. Even if the Court finds a present defect, dismissal with prejudice is not appropriate.**

Defendant requests dismissal with prejudice. That request cannot be squared with its own jurisdictional theory. A dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) must be without prejudice because it is not a determination on the merits. See Mitchell v. Bailey, 982 F.3d 937, 944 (5th Cir. 2020). Bastnagel itself dismissed without prejudice.

Nor is dismissal with prejudice warranted under Rule 12(b)(6) without first allowing a reasonable opportunity to cure. The Fifth Circuit generally affords a plaintiff at least one chance to correct a pleading defect unless the defect is clearly incurable. See Great Plains Tr. Co., 313 F.3d at 329. Rules 15 and 17 expressly contemplate correction of party and pleading defects. And Rule 25 provides that a motion for substitution may be made by any party or by the decedent's successor or representative within ninety (90) days after service of a statement noting the death. See Fed. R. Civ. P. 25(a)(1). Here, to the extent that Defendant's July 21, 2026 motion constitutes a statement noting Plaintiff's death (which Plaintiff does not concede), Adame's successor or representative has at least until October 19, 2026 to move for substitution. Wieburg requires consideration of less drastic alternatives where dismissal would forfeit the claim. See 272 F.3d at 308-09. Defendant has not established futility as a matter of law.

## IV. CONCLUSION

The Court should deny the Motion to Dismiss.

Alternatively, before dismissing any claim, the Court should allow a reasonable period under Rule 17(a)(3) for the proper representative of Rodrigo Adame's estate to ratify, join, or substitute into the action and to file an amended complaint.

Dated: September 28, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, New York 11423
Telephone: (718) 412-2421
emanuel@sagelegal.nyc

*/s/ Nayeem N. Mohammed, Esq.*
Nayeem N. Mohammed
Texas Bar No. 24082001
539 W. Commerce Street, Suite 1899
Dallas, Texas 75208
Telephone: (972) 767-9099
nayeem@nnmpc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including:

Laura E. De Santos
Robin Foret
Gordon Rees Scully Mansukhani, LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027
ldesantos@grsm.com
rforet@grsm.com

*Attorneys for Defendant*

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.