**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND–ODESSA DIVISION**

| | | |
|---|---|---|
| **RODRIGO ADAME.** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:26-CV-00193** |
| | § | |
| **TUNGSTEN CONSTRUCTION LLC.** | § | **JURY TRIAL DEMANDED** |
| ***Defendants.*** | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH BRIEF IN SUPPORT**

Defendant Tungsten Construction, LLC ("Tungsten") files this Reply with Brief in Support to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (EFC Dkt. 12, Response) that asserted lack of subject matter jurisdiction under Fed. R. Civ. 12 (6)(1) and, "failure to state a claim upon which relief can be granted" under and Fed. R. Civ. P. 12(b)(6). This case involves a disability discrimination claim filed under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code by in the name of a Plaintiff who was already deceased.[1]

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

1. Plaintiff's Complaint was filed in the name of an individual who had already died before the action was commenced on May 14, 2026, and served on Defendant on June 30, 2026. It is undisputed by the parties that Mr. Adame died on January 22, 2026. (See Exhibit A, page 1 Obituary, attached to Motion to Dismiss at ECF Dkt. 7). Because Mr. Adame, as the named plaintiff in this lawsuit, lacked the legal capacity or standing to bring suit, and neither Fed. R. Civ

[1] Defendant incorporates by reference the facts and legal arguments contained in its Motion to Dismiss Plaintiff's Complaint (EFC Dkt. 7) and files this Reply to address arguments raised in Plaintiff's Response to that motion.

P. 17(a) nor Fed. R. Civ. P. 25 can correct that defect, the Complaint must be dismissed. *See Bastnagel v. State Farm Lloyds*, No. 4:25-CV-3541, 2026 WL 1024874, at *2 (S.D. Tex. March 20, 2026) ("neither Ryle 17 nor Rule 25 permits a case to proceed when the plaintiff was deceased before the lawsuit was filed"). Therefore, Plaintiff's argument that Federal Rules of Civil Procedure 17 and/or 25 allow him to proceed in this case must be rejected and the case dismissed.

2. While still alive, Adame filed an EEOC Charge of Discrimination ("Charge") alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended ("ADA") and Chapter 21 of the Texas Labor Code ("Chapter 21"). The EEOC sent its Determination and Notice of Rights to the parties to this case. ("Notice of Rights").

3. Mr. Kataev filed suit on behalf of Adame on May 13, 2026, the last day of the 90-day period to file suit in federal court pursuant to the Notice of Rights. Tungsten Construction was served on June 30, 2026. At the time this lawsuit was filed, Adame had been deceased for months.

4. Adame, deceased, had no capacity nor standing to maintain this legal action. The 90-day period to file a lawsuit in federal court has expired and cannot be extended. This case must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or failure to state a claim under Fed. R. Civ. P. 12(b)(6). As explained below, the cases cited by Plaintiff in the Response do not stand for the proposition stated or are not analogous to the facts at issue.

## II. ARGUMENT AND AUTHORITIES

### A. The Court Lacks Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1).

5. As stated by a recent 2026 United States District Court, "[t]he Fifth Circuit has recognized what seems obvious: a deceased plaintiff has no standing to bring a lawsuit." *Bastnagel v. State Fard Lloyds*, No. 4:25-CV-3541, 2026 WL 1024874, at *2 (S.D. Tex. March 20, 2026) [Houston Division] report and recommendation adopted, No. 4:25CV3541, 2026 WL 1024196 (S.D. Tex. Apr. 15, 2026) (citing *Hernandez v. Smith,* 793 F. Appx. 261, 265 (5th Cir. 2019) (citing

*Armes v. Thompson*, 222 S.W.3d 79, 83-84 (Tex. App. – Eastland 2006, no pet.) ("for proposition that an original pleading filed after the named plaintiff has died is 'a nullity'" and subsequent pleading did not relate back). The rule is that "[a]n action must be prosecuted in the name of the real party in interest."

6. The United States District Court in *Bastnagel* dismissed a lawsuit filed by in the name of a dead plaintiff based on lack of subject matter jurisdiction concluding that an already deceased person had no standing nor capacity to file suit. *Bastnagel,* 2026 WL 1024874, at *2. The court held that neither Rule 17(a) (joinder of a real party in interest), nor Rule 25 (substitution for a plaintiff who dies during case) is available when the named plaintiff is deceased at the time suit is filed because the dead have no legal existence. *Id.* Thus, neither Rule 17 nor Fed. R. Civ. P. 25 are available if the named plaintiff in a case predeceased the filing of the lawsuit. *Bastnagel*, 2026 WL 1024874, at *2; *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)).

7. Adame had been deceased for several months when this lawsuit was filed, rendering it a "nullity." Accordingly, this lawsuit must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to "state a claim upon which relief can be granted."

**B. Equitable Tolling is Unavailable to Cure the Defect.**

8. Because Rule 25 is unavailable when a plaintiff dies before the action begins, the question becomes whether the defective complaint can be cured after the EEOC's 90-day right-to-sue period has expired. The answer in this case is no. While a defective complaint may be curable after a procedural deadline under the doctrine of equitable tolling, the doctrine is applied sparingly.

9. To establish equitable tolling, a plaintiff "must not only show that the doctrine is applicable to his circumstances, but also that he "'has vigorously pursued his action.'" *Bernstein v. Maximus Federal Services, Inc.,* 63 F.4th 967, 970 (5th Cir. 2023); *Rowe v. Sullivan*, 967 F.2d

186, 192 (5th Cir. 1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling does not apply to garden variety excusable neglect). In *Bernstein*, the court noted a potential issue was presented as to whether the 90-day limitations period should be tolled because the EEOC sent a second letter that may have misled the parties as to when the 90-day limitation period started to run. 63 F.4th at 970-971. In this case, the Notice of Rights was sent to Mr. Adame and to his counsel. There was no confusion when the 90-day limitations period began to run on Mr. Adame's claims and counsel does not contend any existed. Therefore, equitable tolling does not apply.

10. In *Irwin*, The United States Supreme Court did not excuse the plaintiff under the doctrine's principles, reasoning that it is appropriate only when a claimant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 96. A plaintiff's counsel's oversight or excusable neglect was insufficient. *Id*. To date, neither Adame's estate nor his counsel has taken any active steps to preserve his disability discrimination claim to equitably toll the 90-day statute of limitations period. Therefore, Equitable tolling does not apply to toll an expired limitations period in this case.

**C. Plaintiff's Response to Defendant's Motion is Insufficient.**

11. Plaintiff's counsel Response to Defendant's Motion to Dismiss is insufficient to support his contention that this case is properly before this Court. Plaintiff's counsel does not cite any case to support a deceased individual's standing nor capacity to file suit in the Fifth Circuit under the circumstances presented in this lawsuit. The cases cited from other jurisdictions are factually not on point, particularly given the delay in any attempt to substitute another party for Mr. Adame. From the date on which this lawsuit was filed on May 14, 2026, until this Reply to Plaintiff's Response has been filed in October, there has been no attempt to substitute the Estate of Mr. Adame or other individual with standing or capacity to be a party in this case.

12. For example, *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017), cited by Plaintiff's counsel, involves subject matter jurisdiction with respect to a bankruptcy trustee's standing and capacity to be a plaintiff in the case. In *Norris*, the issue was whether the bankruptcy trustee was substituted in place of living plaintiffs as the real party in interest in the lawsuit. *Id*. at 366-367. It did not address attempts to file suit in the name of an individual already deceased. Plaintiff cites other inapplicable cases, such as *Slade for Estate of Slade v. U.S. Postal Serv*., 952 F.2d 357 (10th Cir. 1991) (party died after filing suit but before judgment entered); *Hutchinson v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997) (mother sued for child's death in farming accident).

13. These cases are offered for the proposition that ADA and personal injury cases survive an individual's death); *Wieburg v. GTE Southwest, Inc*., 272 F.3d 302, 306-307 (5th Cir. 2001) (where bankrupt plaintiff filed suit bankruptcy trustee owned claims for age and sex discrimination, joinder or substitution of trustee was proper); *Rideau v. Keller Indep. Sch. Dist*., 819 F.3d 155, 160, 165 (5th Cir. 2016) (parents sued on behalf of disabled child and after jury award legal guardian moved for ratification). None of these cases involve a situation in which a lawsuit was filed in the name of a deceased person who is without capacity to file a lawsuit. Instead, they were living individuals who later sought to replace their names with the real party in interest.

14. Moreover, counsel offers *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004) for the proposition that Rule 17 applies to this case to allow additional time to substitute the decedent for another plaintiff. *Esposito* is a case involving Kansas law and the Federal Tort Claims Act in which the wife filed a wrongful death suit after her husband died in prison. *Id* at 1272-1273. Her attorney originally filed in the wife's name for the administrative tort claim but inadvertently filed the wrongful death lawsuit in the name of her dead husband. *Id*. at 1272. The court dismissed the lawsuit shortly after it was filed, and the attorney refiled suit in the wife's name within a month

of dismissal. *Id*. The 10th Circuit court permitted the substitution of the wife's name in place of the husband and allowed it to relate back to the original filing date to avoid a statute of limitations problem. *Id*. at 1275-1278. Unlike the wife in Esposito, there has been no timely attempt to correct the jurisdictional defects in this case.

15. Another of Plaintiff's cited cases, *Gremillion v. State Farm Fire & Casualty Co*., No. 1:22-CV-06077, 2023 WL 5978215 (W.D. La. Aug. 28, 2023), is a Louisiana law case. However, the *Gremillion* court notes Rule 17 is inapplicable when attempts to substitute a party for an already deceased plaintiff "have been delayed unreasonably." *Id*. at *1. The Fifth circuit has not followed this Louisiana court's interpretation of Rule 17 to cure a pleading deficiency filed by a deceased plaintiff. Nevertheless, the court in *Gremillion* noted that the plaintiff's counsel had sought leave to substitute another party within one month of State Farm's motion to dismiss identifying the problem. *Id*. at *2. In contrast, counsel for Mr. Adame (decedent) has yet to attempt any substitution in this case. Even if Louisiana legal interpretation is applied, Mr. Adame's counsel has not met the requirements for application of Fed. R. Civ. P. 17(a).

16. The *Esposito* and *Gremillion* cases are inapplicable to the case at bar for two reasons. First, as explained in *Bastnagel,* the Fifth Circuit has concluded that a lawsuit cannot be filed in the name of a deceased plaintiff and that neither Fed. R Civ. P. 25 nor Fed. R. Civ. P. 17 may be used to correct that deficiency. Second, unlike the wife's counsel in *Esposito*, or counsel in *Gremillion*, counsel for Mr. Adame has not attempted to correct the jurisdictional deficiency. This lawsuit was filed in May of 2026; as of October of 2026, Plaintiff's counsel has not attempted to substitute another party in place of the decedent, Mr. Adame. Rule 17 states that:

> (3) Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, *a reasonable time* has been allowed for the real party in interest to ratify, join, or be substituted into the

> action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest. (*emphasis added*).

Fed. R. Civ. P. 17(a)(3). Five months is more than a reasonable time for counsel to have attempted substitution of another party in this case. Instead, counsel requests an unlimited delay in which to figure out how to proceed without waiving his limitations period. The court should not indulge his request and should dismiss this lawsuit.

## III. PRAYER

WHEREFORE, for the reasons set forth above, Defendant Tungsten Construction, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and any additional relief at law or equity to which Defendant is justly entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Robin Foret*

Laura E. De Santos
TBN: 00793612
ldesantos@grsm.com
Robin Foret
TBN: 07256580
rforet@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, a true and correct copy of this Reply to Plaintiff's Response to Defendant's Motion to Dismiss Complaint was electronically filed with the Clerk of Court using the CM/ECF system and served on counsel of record listed below.

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
emanuel@sagelegal.nyc

and

Nayeem N. Mohammed, Esq.
539 W. Commerce St. #1899
Dallas, Texas 75208
(972) 767-9099 (office)
nayeem@nnmpc.com

**COUNSEL FOR PLAINTIFF**

*/s Robin Foret*
Robin Foret